Joseph M. MICHEL and Stephanie A. Michel, Appellants,

v.

STATE of Alaska, Appellee.

Nos. A–6521, A–6527.

Court of Appeals of Alaska.

July 24, 1998.

437

Verne E. Rupright, Stepovich, Kennelly & Stepovich, Anchorage, for Appellant Joseph Michel.

Mark L. Nunn, Anchorage, for Appellant Stephanie Michel.

James L. Hanley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER and STEWART, JJ.

## OPINION

MANNHEIMER, Judge.

The Alaska State Troopers received a tip that Joseph and Stephanie Michel were growing marijuana at their residence in Willow, Alaska. Two troopers were dispatched to the Michels' residence to investigate this tip.

The Michels' residence lies off the Parks Highway. The house is not visible from the highway, and the only approach to the house is a 300–yard–long driveway. Four "No Trespassing" signs were posted along this driveway. Driving past these signs, the troopers went up to the house and knocked on the door. When Joseph Michel opened the door, the troopers perceived a strong odor of growing marijuana. This discovery prompted the troopers to seek a search warrant, and the ensuing search confirmed that the Michels were growing marijuana.

The primary question presented in this appeal is whether the troopers could lawfully proceed up the Michels' driveway to the house despite the presence of the "No Trespassing" signs. The Michels argue that, by posting these signs along their driveway, they created an enclave of privacy on their property, thus giving them a reasonable expectation that law enforcement personnel would not enter the property without a warrant.

This court has never decided whether "No Trespassing" signs placed along a driveway create a reasonable expectation that law enforcement officers will not approach a residence without a warrant. However, the Alaska Supreme Court's decision in *Pistro v. State*[1] suggests that the posting of "No Trespassing" signs along a driveway will not (at least by itself) insulate a homeowner from unsolicited visits by members of the public.

*Pistro* holds that a homeowner must reasonably expect that members of the public will approach a residence via an ungated driveway. The supreme court declared that "[a] driveway [is] a normal means of ingress and egress impliedly open to public use by one desiring to speak to occupants of … the house".[2] The question, then, is whether the posting of "No Trespassing" signs along the driveway alters this result.

The underlying premise of *Pistro* is that visitors—including unsolicited visitors—can be expected to use normal means to approach a residence. Thus, to analyze the Michels' case under *Pistro*, we must ask the following question: Would a reasonable person, seeing "No Trespassing" signs posted along a driveway, conclude that the homeowner desired to exclude members of the public who wished to visit the residence for a legitimate social or commercial purpose?

Several states have held that the answer is "no": the presence of "No Trespassing" signs does not prevent police officers from approaching a residence to see if the owner is willing to speak to them. For instance, the Idaho Court of Appeals held that the presence of "No Trespassing" signs

> cannot reasonably be interpreted to exclude normal, legitimate inquiries or visits by mail carriers, newspaper deliverers, census takers, neighbors, friends, utility

1.  590 P.2d 884 (Alaska 1979).

2.  590 P.2d at 887.

workers and others who restrict their movements to the areas of one's property normally used to approach the home. A criminal investigation is as legitimate a societal purpose as any other undertaking that would normally take a person to another's front door.... In other words, when the police come onto private property to conduct an investigation or for some other legitimate purpose and restrict their movements to places ordinary visitors could be expected to go, observations made from such vantage points are not covered by the Fourth Amendment.[3]

The Washington Court of Appeals has similarly held that "No Trespassing" signs do not, by themselves, manifest a homeowner's intent to keep away all visitors.[4]

 The law presumes that a homeowner generally consents to "allow visitors to take reasonable steps to make contact with the occupant".[5] This presumption can be overcome only when a homeowner manifests a clear intent to prohibit all visitors from even approaching the house.[6]

 We agree with the reasoning of these decisions, and we apply that reasoning to the present case. The Michels live in rural Alaska, and their residence lies some distance off the main highway, connected by a long driveway. Under these circumstances, a visitor to the Michels' residence would reasonably conclude that the "No Trespassing" signs posted along the driveway were intended to deter people who might be tempted to leave the highway and use the Michels' driveway as an access route for their own purposes (*e.g.,*

hunting, camping, hiking, or the like). Persons visiting the residence for social or commercial purposes would not construe those signs as meant to prohibit their entry. Thus, the troopers did not need a warrant to proceed along the driveway to the Michels' residence.

The Michels raise three other issues in this appeal.[7] However, this appeal comes to us via a *Cooksey* plea[8], and none of these other issues was preserved for appeal.

The judgement of the superior court is AFFIRMED.

---

3. *State v. Rigoulot,* 123 Idaho 267, 846 P.2d 918, 923 (App.1992) (citations omitted).

4. *State v. Gave,* 77 Wash.App. 333, 890 P.2d 1088, 1091 (1995).

5. *State v. Gabbard,* 129 Or.App. 122, 877 P.2d 1217, 1221 (1994). *See also State v. Clark,* 124 Idaho 308, 859 P.2d 344, 349 (App.1993).

6. *Compare State v. McIntyre,* 123 Or.App. 436, 860 P.2d 299 (1993) (holding that a tall wooden fence and a metal gate blocking a homeowner's driveway did not adequately manifest an intent to keep visitors from approaching the front door) *with State v. Russo,* 68 Or.App. 760, 683 P.2d 163 (1984) (holding that "No Trespassing" signs, a

cable blocking the driveway, and a sign instructing visitors to honk before entering the property manifested an intent to exclude all visitors).

7. The Michels argue (1) that the state troopers recklessly or intentionally omitted material information when they applied for the search warrant, (2) that the search warrant application failed to establish probable cause for the issuance of the warrant, and (3) that the search of the Michels' residence violated the *Posse Comitatus* Act, 18 U.S.C. § 1385 (1878) (as amended 1994), because members of the National Guard aided in the search.

8. *Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).